```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __2/21/2025__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

emoji company GmbH
*Plaintiff*

v.

Playfun Games Co. Ltd.
*Defendant*

CIVIL ACTION No.
23 Civ. 10112 (MMG)

---

### [PROPOSED] FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defendant Playfun Games Co. Ltd. ("Defaulting Defendant"), for Defaulting Defendant's trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendant's unauthorized use of Plaintiff's U.S. Trademark Registration Nos. 5,778,247; 5,700,040; 5,343,650; and 6,564,606 ("Emoji Mark"), without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Products bearing or used in connection with the Emoji Mark, and/or products in packaging and/or containing labels bearing the Emoji Mark, and/or bearing or used in connection with marks that are confusingly similar to the Emoji Mark and/or products that are identical or confusingly similar to the Emoji Mark ("Counterfeit Products"). The Court, having considered the Memorandum of Law and Affidavits of Marijan Hucke and Andres Olascoaga in support of

Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendant, the Proof of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I.   Defaulting Defendants' Liability

1) Judgment is granted in favor of Plaintiff for the First and Second Causes of Action pleaded against Defaulting Defendants in the Complaint; the Third Cause of Action is dismissed without prejudice;

## II.   Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in its Memorandum of Law in Support of its Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiff is awarded Fifty Thousand Dollars ($50,000.000) in statutory damages against the Defaulting Defendant, Playfun Games Co., Ltd.. pursuant to 15 U.S.C. § 1117(c) of the Lanham Act, plus post-judgment interest.

## III.   Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendant, their respective officers, agents, servants, employees and all persons acting in concert with or under the direction of Defaulting Defendant ~~(regardless of whether located in the United States or abroad)~~, who receive actual notice of this Order are permanently enjoined and restrained from engaging in any of the following acts or omissions in the United States (with the exception of acts or omissions described in Paragraphs G & H below, which shall apply worldwide):

A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Emoji Mark and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Emoji Mark;

B. operation of Defaulting Defendant's User Accounts and Defaulting Defendant's Merchant Storefronts including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts in violation of this Order;

C. directly or indirectly infringing in any manner Plaintiff's Emoji Mark;

D. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Emoji Mark to identify any goods or services not authorized by Plaintiff;

E. using Plaintiff's Emoji Mark and/or any other marks that are confusingly similar to the Emoji Mark on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

F. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendant with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendant and Defaulting

Defendant's commercial activities and Plaintiff;

G. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defaulting Defendant's Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

H. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation exportation, advertising, marketing, promotion, distribution, displaying, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendant must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendant that infringe Plaintiff's Emoji Mark or bear any marks that are confusingly similar to the Emoji Mark pursuant to 15 U.S.C. § 1118.

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendant and all persons in active concert and participation with them who receive actual notice of this Order, including Online marketplace platforms, including, without limitation,

Alibaba, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defaulting Defendant, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise ("the Third Party Service Providers) and Financial Institutions (including PayPal Inc., Payoneer Inc. and PingPong Global Solutions, Inc.) who satisfy those requirements and are identified in this Order are hereby restrained and enjoined from engaging in any of the following acts or omissions:

A. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defaulting Defendant's Assets from or to Defendants' Financial Accounts (Any and all financial accounts associated with or utilized by Defendant or any Defendant's User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad)).

4) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendant and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements, are restrained and enjoined from engaging in any of the following acts or omissions:

A. operation of Defaulting Defendant's User Accounts and Defaulting Defendant's Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendant's User Accounts and Merchant Storefronts in violation of this Order; and

B. instructing, aiding, or abetting Defaulting Defendant and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs

III(1)(A) through III(1)(H) above, including, without limitation, by providing services necessary for Defaulting Defendant to continue operating Defaulting Defendant's User Accounts and Merchant Storefronts in violation of this Order.

### IV.     Dissolution of Rule 62(a) Stay

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30 day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

### V.     Miscellaneous Relief

1) Any failure by Defaulting Defendant to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendant to contempt remedies to be determined by the Court, including fines and seizure of property;

2) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED**

SIGNED this __21st__ day of __February__, 2025, at __4:00 p.__m.

_____
HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE